KRUIDENIER CADILLAC COMPANY, Appellee, v. J. W. MANHARDT, Appellant.

No. 42878.

November 12, 1935.

Vander Ploeg & Heer, for appellant.

Johnston & Shinn, and Howard L. Bump, for appellee.

MITCHELL, J.—The plaintiff brought this suit to recover a balance of $600 claimed to be due from the defendant for the purchase of an automobile.

The defense was in the nature of a plea of payment and of estoppel; that the defendant had delivered to the plaintiff, in full payment of the automobile purchased by him, an automobile which was accepted in exchange, and an instrument in writing in the sum of $600 in the form of a check drawn on a bank which was at the time closed by reason of the general bank moratorium, with the agreement on the part of the plaintiff that it would accept said automobile and the instrument in writing in the form of a check in full payment of the purchase price of the car delivered to the defendant, and that it would take its chance on the payment of the instrument and require no other

or further guarantee from the defendant as to the payment of said instrument except that he had sufficient funds on deposit in the bank on which said instrument was drawn to cover the amount of the same.

Plaintiff by reply denied that there was any such agreement.

Upon the issues thus presented by the pleadings, the court required the plaintiff to prove the sale of the car; that no money had been received upon the check; and required the defendant to take the burden of proving that he had made a contract with the plaintiff that the check should be taken in payment. The defendant accepted the burden, opened and closed the argument to the jury. The jury returned a verdict in favor of the plaintiff for the amount sued upon, together with interest and costs, and judgment was so entered. Defendant, being dissatisfied with the verdict of the jury, has appealed to this court.

The Kruidenier Cadillac Company, the appellee in this case, is engaged in the sale of automobiles in Des Moines. The appellant, J. W. Manhardt, is a resident and citizen of Marion county, Iowa. In the month of February of 1933 an automobile show was held in the city of Des Moines. The appellant attended the show and visited the exhibit of the appellee, where he met and talked with one Phil Kruidenier, a salesman for the auto company. There was some discussion at that time, and for the next few days, in regard to a proposed sale to Manhardt by the appellee company. The basis of the proposed sale was the trading in by the appellant of an old car and the payment by him of the difference for the purchase of the new car. As so often happens, there was a disagreement as to the amount of the difference; the seller thought he should have a certain amount, whereas the buyer thought that the amount was excessive.

On the 4th day of March, 1933, Phil Kruidenier, who was an employee of the appellee company, called the appellant on the long-distance telephone to see if they could consummate the deal. On that day all of the banks in the country were closed by order of the President. Appellant testified he informed the salesman that his bank was closed and he did not know whether he would get his money again, and he did not think he wanted to buy a new car, under the circumstances. And he further testified that in that conversation the representative of the appellee company suggested to him that they might take his

check and take chances on its collection; that they would call him later in regard to this. On the 6th day of March appellant went to the appellee company's place of business, and, after some dickering back and forth in regard to the difference that was to be paid and also over some tire covers, an exchange was made, the appellee company delivering to appellant a new automobile and appellant transferring to the appellee company his old car and executing a check, drawn upon the Citizens National Bank of Knoxville, for $600, with the indorsement upon the back of it: "This check is accepted under the present bank conditions and only guaranteed as having the money on deposit." At that time all banks in the country were closed. The Knoxville bank, upon which the check was drawn, later went into receivership and the check was never paid. Appellee demanded payment from the appellant. He refused, and this action was brought.

The issue here was, "Did the appellee agree to accept the check in payment for the automobile?" This defense is an affirmative defense and was asserted by defendant in his answer. It was his burden to establish this defense.

In 21 R. C. L. section 59, at page 60, we find the following statement:

"With the exception of a few jurisdictions the authorities are unanimous in supporting the rule that the giving of a bank check by a debtor for the amount of his indebtedness to the payee is not, in the absense of an express or implied agreement to that effect, a payment or discharge of the debt, the presumption being that the check is accepted on condition that it shall be paid; and the debt is not discharged until the check is paid, or the check is accepted at the bank at which it is made payable."

In 48 C. J. section 50, p. 617, we find:

"The delivery to, or acceptance by, the creditor of his debtor's check, although for convenience often treated as the passage of money, is not payment, even though the check is certified before delivery, in the absence of any agreement or consent to receive it as payment."

This proposition is conceded by the appellant in his brief, wherein he says:

"It is clear, and conceded, that the mere delivery of a check in payment of a claim, without more, amounts to payment only on condition that it is honored."

But the appellant says that the parties to a transaction may agree or so conduct themselves that the giving of a check will amount to absolute payment without condition as to the instrument being paid according to its terms.

In Union Central Life Ins. Co. v. Iowa Mut. Ins. Co., 216 Iowa 762, at page 765, 249 N. W. 653, 655, this court said:

"Acceptance of a check by a creditor is not necessarily a payment of the debt or claim. Under various circumstances and by agreement or intendment it may operate as a payment."

In Enterline & Son v. Andrew, 211 Iowa 176, at page 177, 231 N. W. 416, 417, we find:

"A check may be received as conditional payment, or it may be accepted as full payment and in extinguishment of the original indebtedness."

In McFarland v. Howell, 162 Iowa 110, at page 116, 143 N. W. 860, 862, the court said:

"The general rule is that when a check is received by the creditor there is no presumption that he takes it in payment, but, on the contrary, the implication is that it is only to be regarded as payment when cashed. * * * To this rule there is the qualification that the creditor may, if he pleases, accept it as payment, it being a question of fact as to the intent of the parties."

In the case at bar it is the contention of the appellant that there was an agreement entered into before the automobile was purchased that the check which he gave was to be accepted in full payment of the amount due. The burden of proving this agreement rested upon the appellant. We must turn to the record to ascertain the facts.

Appellant testified that he had an agreement with the appellee's salesman to accept the check in full payment of the amount due, to wit: the sum of $600; that it was because of such an agreement that he purchased the car. Opposed to this is the testimony of Phil Kruidenier, who handled the greater part

of this transaction and who finally delivered the new automobile and received the check. He testified that, at the time the check was given to him by appellant, the appellant said to him that the money would be paid when the bank moratorium was lifted, and appellant remarked that his word was good and he had plenty of real estate at Knoxville and would back the amount of the check. There was in this case a conflict between the testimony of the appellant and appellee, and it was for the jury to decide which one of the conflicting stories it would believe. The case was tried in Marion county, the home county of the appellant (whereas the appellee company has its place of business in Polk county), and submitted to a jury. The jury returned a verdict against the appellant.

The appellant complains of two of the instructions given to the jury. A careful reading of the instructions convinces us that they were correctly given.

Thus we have a case in which there was a conflict in the testimony. The case was submitted under proper instructions and the jury returned its verdict. Judgment and decree of the lower court must be, and it is hereby, affirmed.

KINTZINGER, C. J., and ANDERSON, DONEGAN, PARSONS, ALBERT, POWERS, HAMILTON, and RICHARDS, JJ., concur.